## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **Encoditech LLC**, | |
| Plaintiff, | Case No. |
| v. | Patent Case |
| **NeuroMetrix, Inc.,** | Jury Trial Demanded |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ("Encoditech"), through its attorney, Isaac Rabicoff, complains of NeuroMetrix, Inc. ("NeuroMetrix") and alleges the following:

### PARTIES

1.      Plaintiff Encoditech LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 3415 Custer Road, Suite 120-A, Plano, TX 75023.

2.      Defendant NeuroMetrix, Inc. is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 1000 Winter Street, Waltham, MA 02451.

### JURISDICTION

3.      This is an action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

4.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over NeuroMetrix because it has engaged in

systematic and continuous business activities in the District of Delaware. Specifically, NeuroMetrix is incorporated in the State of Delaware and provides its full range of services to residents in this District. As described below, NeuroMetrix has committed acts of patent infringement giving rise to this action within this District.

VENUE

6.      Venue is proper in this District under 28 U.S.C. § 1400(b) because NeuroMetrix has committed acts of patent infringement in this District, has its principal place of business in this Judicial District and is incorporated in the state of Delaware. In addition, Encoditech has suffered harm in this District.

PATENT-IN-SUIT

7.      Encoditech is the assignee of all right, title and interest in United States Patent No. 6,321,095 (the "'095 Patent") including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Encoditech possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by NeuroMetrix.

**The '095 Patent**

8.      On November 20, 2001, the United States Patent and Trademark Office issued the '095 Patent. The '095 Patent is titled "Wireless Communications Approach." The application leading to the '095 Patent was filed on March 26, 1999. A true and correct copy of the '095 Patent is attached hereto as Exhibit A.

9.      A certificate of correction for the '095 Patent was filed on May 23, 2017. A true and correct copy of the certificate of correction is attached hereto as Exhibit B.

10.      The '095 Patent is valid and enforceable.

11.     The invention claimed in the '095 Patent relates to a mobile station that provides direct, wireless communications with another mobile station on a portion of a radio frequency (RF) band.  Ex. A at 2:54-57.

12.     The inventors wanted to improve wireless communications, without requiring the physical infrastructure of digital cellular telephone systems.  *Id.* at 3:58-61.

13.     The '095 Patent claims are not directed to a method of organizing human activity or to a fundamental economic practice long prevalent in commerce.  The '095 Patent describes a system that addresses a technical problem--providing wireless communications methods that allow for more than one user to communicate with another and have private conversations, *id.* at 1:32-46--with a technical solution, providing direct, wireless communications using a frequency division multiple access/time division multiple access communication protocol.  *Id.* at 2:30-34.

14.     The '095 Patent does not preempt the field or preclude the use of other methods of providing wireless communications.  The claims are directed to mobile stations "configured to select a portion of a radio frequency (RF) band" and "transmit a first signal on a first sub-portion." *Id.* at claim 1.  The '095 Patent identifies other methods of providing wireless communications which are generally described "in the context of a non-frequency hopping application."  *Id.* at 12:10-12.

15.     The '095 Patent does not take a well-known or established business method or process and apply it to a general-purpose computer.  Instead, the specific system and processes described in the '095 Patent have no direct corollary to a well-known business process.  The '095 Patent describes a system that addresses a technical problem that arises in the context of providing wireless communications.  *See id.* at 1:32-46.  The invention has improved wireless communications by providing direct, wireless communications using a frequency division multiple

— 3 —

access/time division multiple access communication protocol.  *Id.* at 2:30-34.

**COUNT I: INFRINGEMENT OF THE '095 PATENT**

16.     Encoditech incorporates the above paragraphs herein by reference.

17.     **Direct Infringement.**  NeuroMetrix has been and continues to directly infringe at least claim 7 of the '095 Patent in this District and elsewhere in the United States, by providing an app that satisfies the preamble of claim 7" "[a] wireless communications system."  For example, NeuroMetrix's Quell treats and adjusts pain.   Upon information and belief, NeuroMetrix has performed each step of claim 7 at least by internal testing of NeuroMetrix's app.   *See* https://www.quellrelief.com/the-quell-system/; webpage attached hereto as Exhibit C; Figures 1, 2.



*Figure 1. NeuroMetrix's Quell helps treat and adjust pain levels for therapy treatments.*



*Figure 2. NeuroMetrix's Quell personalizes sleep, tracking and pain, in addition to adjusting therapy intensity.*

*See* https://www.quellrelief.com/how-it-works/tech-specs-2-0/; webpage attached hereto as Exhibit D; Figures 3, 4.



*Figure 3. NeuroMetrix's Quell works with Bluetooth devices.*

## Disabling Bluetooth

If Bluetooth is disabled on your smartphone or tablet, then the Quell Relief app will not function. Your Quell device will only function if you have previously enabled Automatic Start within the app.

## Bluetooth Specifications

| | |
|---|---|
| **Bluetooth Pre-Qualified Design:** | Nordic nRF52832 4.2 Low Energy |
| **FCC Rules:** | Part 15C |
| **Security:** | Encryption |

The Quell Relief app requires iOS 10 or later, or Android 6 or later.
iOS and Android devices must have Bluetooth Low Energy (LE, also called Bluetooth Smart) compatibility.

*Figure 4. NeuroMetrix's Quell requires Bluetooth to function and works on Android and iPhone devices.*

18.     NeuroMetrix's Quell satisfies claim element 7(a): "a first mobile station."   For example, NeuroMetrix's Quell works on a mobile device, such as an iPhone.  *See* Exs. C, D; Figs. 1-4.

19.     NeuroMetrix's Quell has a second mobile station.  For example, NeuroMetrix's Quell works on mobile devices, such as iPhones, that communicate with each other via Bluetooth V4.0 low energy.  *See* Exs. C, D; Figs. 1-4.

20.     NeuroMetrix's Quell satisfies claim element 7(b): "wherein the first mobile station is configured to select a first portion of a radio frequency (RF) band to carry communications between the first mobile station and the second mobile station, transmit a first request signal on a first sub-portion of the first portion of the RF band directly to the second mobile station to request

communications between the first mobile station and the second mobile station, establish in response to receiving a first acknowledge signal from the second mobile station, a direct communication link between first the mobile station and the second mobile station on the first portion of RF band."  For example, NeuroMetrix's Quell selects a 2.4 GHz-2.4385 GHz range of the ISM band to carry communications between the mobile devices via Bluetooth V4.0 low energy. *See* Exs. C, D; Figs. 1-4.

21.     NeuroMetrix's Quell satisfies claim element 7(c): "receive from the second mobile station a public encryption key generated using a private encryption key associated with the second mobile station."  For example, NeuroMetrix's Quell receives a public encryption key from the second mobile device that was generated using a private encryption key.  *See* Exs. C, D; Figs. 1-4.

22.     NeuroMetrix's Quell satisfies claim element 7(d): "generate a message containing a common encryption key (Ckey)."  For example, NeuroMetrix's Quell generates a message containing a common encryption key, such as a DH key, that will be extracted by the second mobile station. *See* Exs. C, D; Figs. 1-4.

23.     NeuroMetrix's Quell satisfies claim element 7(e): "encrypt the message using the public encryption key to generate an encrypted message, provide the encrypted message to the second mobile station so that the second mobile station may decrypt the encrypted message using the private encryption key and extract the Ckey, wherein the message exchanged between the first and the second mobile stations are encrypted using the Ckey."  For example, NeuroMetrix's Quell has a public-private key system where a receiver receives an encrypted message and decrypts that message using a private key.  *See* Exs. C, D; Figs. 1-4.

24.     NeuroMetrix's Quell satisfies claim element 7(f): "wherein the second mobile

station is configured to transmit, in response to receiving the first request signal from the first mobile station, the first acknowledge signal on a second sub-portion of the first portion of the RF band directly to the first mobile station to acknowledge the first request signal." For example, NeuroMetrix's Quell transmits a request signal on a double-sided spectrum with center frequency 2.402 GHz of the range of the ISM band directly to the mobile devices and establishes a direct communication link between the two mobile devices upon receiving a first acknowledgment signal from the second mobile station. *See* Exs. C, D; Figs. 1-4.

25.     Encoditech is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

26.     Encoditech will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

## JURY DEMAND

27.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Encoditech respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Encoditech asks this Court to enter judgment against NeuroMetrix Corporation, granting the following relief:

A.      A declaration that NeuroMetrix has infringed the Patent-in-Suit;

B.      An award of damages to compensate Encoditech for NeuroMetrix's direct infringement of the Patent-in-Suit, including an accounting of all damages not presented at trial;

C.    An order that NeuroMetrix and its officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, be permanently enjoined from infringing the Patent-in-Suit under 35 U.S.C. § 283;

D.    A declaration that this case is exceptional, and an award to Encoditech of reasonable attorneys' fees, expenses and costs under 35 U.S.C. § 285;

E.    An award of prejudgment and post-judgment interest; and

F.    Such other and relief as this Court or jury may deem proper and just.

Dated:  January 28, 2019                    Respectfully submitted,

DEVLIN LAW FIRM LLC

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
Phone: (302) 449-9010
tdevlin@devlinlawfirm.com

Isaac Rabicoff
Kenneth Matuszewski
RABICOFF LAW LLC
73 W. Monroe St.
Chicago, IL 60603
Phone: (773) 669-4590
isaac@rabilaw.com
kenneth@rabilaw.com

***ATTORNEYS FOR PLAINTIFF***