IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ENCODITECH LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**NEUROMETRIX, INC.,**<br><br>Defendant. | C.A. No. 19-cv-151-RGA<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

**NEUROMETRIX, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant NeuroMetrix, Inc. ("NeuroMetrix" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Encoditech LLC's ("Encoditech" or "Plaintiff") Complaint for Patent Infringement ("Complaint"). NeuroMetrix denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES**

1. NeuroMetrix is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2. NeuroMetrix admits the allegations in Paragraph 2 of the Complaint.

**JURISDICTION**

3. NeuroMetrix admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 271, *et seq.*, but NeuroMetrix

---

[1] For avoidance of doubt, NeuroMetrix denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

4.      NeuroMetrix admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff has alleged infringement of a patent, but NeuroMetrix denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief.

5.      NeuroMetrix does not contest whether personal jurisdiction over it properly lies in this judicial district in this case. NeuroMetrix admits that it is incorporated in the State of Delaware and that it conducts business in this judicial district, but NeuroMetrix denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. NeuroMetrix denies any remaining allegations in Paragraph 5 of the Complaint.

## VENUE

6.      NeuroMetrix admits that it is incorporated in the State of Delaware. NeuroMetrix does not contest that venue may be proper in this judicial district in this case, but denies that venue is convenient as to NeuroMetrix in this case. NeuroMetrix denies the remaining allegations in Paragraph 6 of the Complaint.

## PATENT-IN-SUIT

7.      NeuroMetrix denies it has committed or is committing acts of infringement and denies Plaintiff is entitled to any relief. NeuroMetrix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint and, on that basis, denies all such allegations.

**The '095 Patent**

8. NeuroMetrix admits that a purported copy of U.S. Patent No. 6,321,095 (the "'095 Patent") is attached to the Complaint as Exhibit A and that the face of the patent indicates that it issued on November 20, 2001 from an application that was filed on March 26, 1999, and that it is entitled "Wireless Communications Approach." NeuroMetrix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 of the Complaint and, on that basis, denies all such allegations.

9. NeuroMetrix admits that a purported certificate of correction for the '095 Patent is attached to the Complaint as Exhibit B and that the certificate indicates that it was filed on May 23, 2017. NeuroMetrix is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10. NeuroMetrix denies the allegations in Paragraph 10 of the Complaint.

11. NeuroMetrix admits that the '095 Patent speaks for itself, but denies any characterizations inconsistent therewith. NeuroMetrix denies that the claims of the '095 Patent constitute any "invention." NeuroMetrix denies any remaining allegations in Paragraph 11 of the Complaint.

12. NeuroMetrix admits that the '095 Patent speaks for itself, but denies any characterizations inconsistent therewith. NeuroMetrix denies that the claims of the '095 Patent constitute any "invention." NeuroMetrix denies the remaining allegations in Paragraph 12 of the Complaint.

13. NeuroMetrix denies the allegations in Paragraph 13 of the Complaint.

14. NeuroMetrix admits that the '095 Patent speaks for itself, but denies any characterizations inconsistent therewith. NeuroMetrix denies the remaining allegations in Paragraph 14 of the Complaint.

15. NeuroMetrix denies the allegations in Paragraph 15 of the Complaint.

### COUNT I: [ALLEGED] INFRINGEMENT OF THE '095 PATENT

16. NeuroMetrix incorporates by reference each of its responses set forth in Paragraphs 1-15 above as if fully set forth herein.

### [Alleged] Direct Infringement

17. NeuroMetrix denies the allegations in Paragraph 17 of the Complaint.

18. NeuroMetrix denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 18 of the Complaint.

19. NeuroMetrix denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 19 of the Complaint.

20. NeuroMetrix denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 20 of the Complaint.

21. NeuroMetrix denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 21 of the Complaint.

22. NeuroMetrix denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 22 of the Complaint.

23. NeuroMetrix denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 23 of the Complaint.

24. NeuroMetrix denies that it has committed or is committing acts of infringement in this district or elsewhere and, on that basis, denies the allegations in Paragraph 24 of the Complaint.

25. NeuroMetrix denies the allegations in Paragraph 25 of the Complaint.

26. NeuroMetrix denies the allegations in Paragraph 26 of the Complaint.

## [Plaintiff's] Jury Demand

27. NeuroMetrix is not required to provide a response to Plaintiff's demand for a jury trial.

To the extent that a response is required to Plaintiff's prayer for relief, NeuroMetrix denies that Plaintiff is entitled to any judgment against NeuroMetrix and/or an order granting relief in any of the forms requested in parts A-F.

## AFFIRMATIVE DEFENSES

NeuroMetrix's Affirmative Defenses are listed below. NeuroMetrix reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

NeuroMetrix has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '095 Patent.

## SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the '095 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the '095 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that NeuroMetrix's actions allegedly infringe the '095 Patent,

NeuroMetrix is not liable to Plaintiff for the acts alleged to have been performed before NeuroMetrix received actual notice that it was allegedly infringing the '095 Patent.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that NeuroMetrix indirectly infringes, either by contributory infringement or inducement of infringement, NeuroMetrix is not liable to Plaintiff for the acts alleged to have been performed before NeuroMetrix knew that its actions would cause indirect infringement.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the '095 Patent against NeuroMetrix is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The claims of the '095 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by NeuroMetrix.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the clams of the '095 Patent do not claim patent eligible subject matter under 35 U.S.C. § 101.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim of direct infringement because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by NeuroMetrix: (1) includes a "first mobile station [that] is configured to select a first portion of

a radio frequency (RF) band to carry communications between the first mobile station and the second mobile station"; (2) includes "a second mobile station"; (3) "transmit[s] a first request signal on a first sub-portion of the first portion of the RF band directly to the second mobile station to request communications between the first mobile station and the second mobile station, the first acknowledge signal on a second sub-portion of the first portion of the RF band directly to the first mobile station to acknowledge the first request signal"; (4) "generate[s] a message containing a common encryption key (Ckey)"; or (5) exchanges encrypted messages "between the first and second mobile stations [] using the Ckey."

## NEUROMETRIX'S COUNTERCLAIMS

For its counterclaims against Plaintiff Encoditech LLC ("Encoditech"), Counterclaim Plaintiff NeuroMetrix, Inc. ("NeuroMetrix") alleges as follows:

## PARTIES

1. Counterclaim Plaintiff NeuroMetrix is a corporation organized and existing under the laws of the State of Delaware, with a place of business located in Waltham, Massachusetts.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant Encoditech, is a foreign limited liability company organized and existing under the laws of the State of Texas.

## JURISDICTION

3. NeuroMetrix incorporates by reference Paragraphs 1-2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Encoditech has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7. NeuroMetrix incorporates by reference Paragraphs 1-6 above.

8. Based on the filing of this action and at least NeuroMetrix's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether NeuroMetrix infringes U.S. Patent Nos. 6,321,095 (the "'095 Patent").

9. NeuroMetrix does not infringe at least claim 7 of the '095 Patent because, *inter alia*, the accused system does not: (1) include a "first mobile station [that] is configured to select a first portion of a radio frequency (RF) band to carry communications between the first mobile station and the second mobile station"; (2) include a "second mobile station"; (3) "transmit a first request signal on a first sub-portion of the first portion of the RF band directly to the second mobile station to request communications between the first mobile station and the second mobile station, the first acknowledge signal on a second sub-portion of the first portion of the RF band directly to the first mobile station to acknowledge the first request signal;" (4) "generate a message containing a common encryption key (Ckey)"; or (5) exchange encrypted messages "between the first and second mobile stations [] using the Ckey."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., NeuroMetrix requests a declaration by the Court that NeuroMetrix has not infringed and does not infringe any claim of the '095 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11. NeuroMetrix incorporates by reference Paragraphs 1-10 above.

8

12. Based on the filing of this action and at least NeuroMetrix's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '095 Patent.

13. The asserted claims of the '095 Patent are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 6,590,928, 763,772, 6,097,817, and/or 5,640,385.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, NeuroMetrix requests a declaration by the Court claims of the '095 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, NeuroMetrix asks this Court to enter judgment in NeuroMetrix's favor and against Encoditech by granting the following relief:

a) a declaration that the '095 Patent is invalid;

b) a declaration that NeuroMetrix does not infringe, under any theory, any valid claim of the '095 Patent that may be enforceable;

c) a declaration that Encoditech take nothing by its Complaint;

d) judgment against Encoditech and in favor of NeuroMetrix;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to NeuroMetrix of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

NeuroMetrix hereby demands trial by jury on all issues.

| | |
|---|---|
| Dated: March 25, 2019 | FISH & RICHARDSON P.C.<br><br>By: */s/ Jeremy D. Anderson*<br>Jeremy D. Anderson (#4515)<br>222 Delaware Avenue, 17th Floor<br>Wilmington, Delaware 19801<br>(302) 652-5070 (Telephone)<br>(302) 652-0607 (Facsimile)<br>janderson@fr.com<br><br>Neil J. McNabnay<br>Ricardo J. Bonilla<br>Theresa M. Dawson<br>1717 Main Street, Suite 5000<br>Dallas, Texas 75201<br>(214) 747-5070 (Telephone)<br>(214) 747-2091 (Facsimile)<br>mcnabnay@fr.com;<br>rbonilla@fr.com;<br>tdawson@fr.com<br><br>**ATTORNEYS FOR DEFENDANT NEUROMETRIX, INC.** |